```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

RAUL G. GALVEZ, et al.,        )
                               )
            Plaintiffs,        )
                               )
      v.                       )    No.  10 C 4381
                               )
LEONID KOVALCHUK, et al.,      )
                               )
            Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

Promptly after the removal of this personal injury action from the Circuit Court of Cook County on diversity of citizenship grounds, defendants Leonid Kovalchuk ("Kovalchuk") and Polaris Transport Carriers, Inc. ("Polaris") have filed their Answer to the Complaint brought against them by plaintiffs Raul and Antonia Galvez (collectively "Galvezes").  This memorandum opinion and order is issued sua sponte to call for the correction of some problematic aspects of that responsive pleading.

To begin with, a number of the Answer's paragraphs (Count I ¶¶6 and 7, Count II ¶7, Count III ¶4 and Count IV ¶7) are at odds with the notice pleading principles that apply to plaintiffs and defendants alike in the federal courts.  In each of those instances an allegation as to duties assertedly imposed on one of the defendants has evoked this type of response (altered, of course, depending on which defendant is providing the answer):

> Leonid Kovalchuk states that his duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that plaintiff has properly

alleged the duty then and there owed by him.[1]
But do defendants really quarrel with an allegation that they have a duty of due care? In any event, if they believe that the Complaint's allegations are improper, their response ought to identify what they view as the duty owed, rather than referring to a generic and undefined "prescribed by applicable law" or "prescribed by the laws of the State of Illinois."

In addition to that type of deficiency, the Answer's purported "Affirmative Defense" ("AD") violates the principles that inform Fed. R. Civ. P. 8(c) and the caselaw applying it--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In this instance the AD expressly (and impermissibly) contradicts the allegations of Complaint Count I ¶1 and Count II ¶1. It is stricken.

Because of the need to correct both the substantive and the careless errors identified here, not only those defects but the entire Answer is stricken, with leave to file a self-contained Amended Answer on or before July 30, 2010. No charge is to be

---

[1] [Footnote by this Court] Some of those responses are also careless, as where Kovalchuk is referred to as "it" rather than "him." That is not the only example of sloppy pleading this Court has noted in the response--for example, some of the Answer's paragraphs refer to the wrong count number (see, e.g., Answer Count IV ¶¶1, 2, 9, 11 and 13) or refer to the wrong paragraphs (see, e.g., Answer Count IV ¶11). This Court has made no effort to be comprehensive in spotting errors, however--that is, after all, defense counsel's responsibility. When he returns to the drawing board, as he must, he ought to read his pleading before he files it.

made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

After this memorandum opinion and order had been dictated but before it had been transcribed in final form, this Court received from Galvezes' counsel a courtesy copy of a filing that (if nothing else) showed that defense counsel did not have a monopoly on pleading errors--that filing was Plaintiffs' Answer to Defendants' Affirmative Defenses. All federal practitioners should know that Rule 7(a) bars such a filing unless the court orders one (which is not the case here). That pleading is also stricken, not only for the just-stated reason but also because the so-called affirmative defense that it targets has already been stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 21, 2010